## Brown *et al. vs.* Mercer.

The provisions of the code touching discovery at law, apply as well to plaintiffs not residing in counties where suits are pending, as to those residing there. Where interrogatories are prepared, filed and commission attached, and where notice of the same has been duly given, if the discovery sought is material and such as the law requires to be made, if it be not made, a continuance at the instance of the opposite party should be granted.

March 22, 1889.

Discovery. Interrogatories. Continuance. Practice in superior court. Before Judge KIBBEE. Pulaski superior court. May term, 1888.

Mercer sued the plaintiffs in error in the county court on two promissory notes, and obtained judgment. The defendants appealed to the superior court. When the case was called for trial, they moved for a continuance because certain interrogatories which they had sued out to obtain discovery from the plaintiff (who resided in another county), under §3811 *et seq.* of the code, had not been executed and returned as required by law; stating to the court that they relied on these interrogatories for discovery to support their plea, and that without them they could not proceed. The court refused to continue the case, holding that the filing of interrogatories for discovery did not apply to a case where the party to the suit did not reside in the county where it was pending, but that the party from whom the interrogatories sought discovery must reside in the county where the suit was pending and where he might be summoned by *subpœna*.

The notes having been introduced in evidence, and the defendants introducing no evidence, the jury found for the plaintiff, and judgment was entered. The defendants excepted to the refusal to continue the case.

MARTIN & SMITH, for plaintiffs in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

The court below held that the code, §§3810–3814, touching discovery at law, is not available in behalf of defendants against a plaintiff who is a non-resident of the county in which the suit is pending. We think this construction erroneous. The language of section 3810 is: "Discovery may be had from the opposite party, either nominal or real, in any case pending in any court in this State." And section 3811 says: "The party seeking the discovery may either *subpœna* the other party as a witness, or else file interrogatories and sue out a commission, as in cases provided for other witnesses." The terms, "as in cases provided for other witnesses," qualify both the right to *subpœna* and the right to file interrogatories. As other witnesses cannot be brought by *subpœna*, if they are non-residents of the county in which the cause is pending, neither can a party to the suit be so brought. But it does not follow that such party may not be examined by interrogatories. On the contrary, by the general law applicable to witnesses, (code, §3877,) any witness whatever who resides out of the county may be so examined. So far from a non-resident plaintiff being exempt from the obligation to make discovery by answering interrogatories, it is the sole mode by which he can be called upon for discovery at law. A party residing in the

county may perhaps be examined in either method,— that is, in person, at court (his attendance having been enforced by *subpœna*), or by interrogatories; but unless he does reside in the county, the only way to reach him is by interrogatories. That a non-resident party is amenable to this mode of· examination is clear, not only from the code, but from prior statutes on the subject. See Cobb's Dig. pp. 465, 466, 467; Acts, 1853–4, pp. 50, 51.

The plaintiff having failed to answer, the court erred in overruling the motion for the continuance made by the defendants below based on that ground. The most moderate penalty for such default was the continuance asked for and denied.

Judgment reversed.